UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
UNITED STATES OF AMERICA                   :
                                           :   CONSENT PRELIMINARY ORDER
            - v. -                         :   OF FORFEITURE/
                                           :   MONEY JUDGMENT
ANTHONY DIPIETRO,                          :
                                           :   S3 22 Cr. 20 (PGG)
            Defendant.                     :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about April 11, 2023, ANTHONY DIPIETRO (the "Defendant"), was charged in a five-count Superseding Information, S3 22 Cr. 20 (PGG) (the "Information"), with conspiracy to commit healthcare fraud, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); conspiracy to commit Travel Act bribery, in violation of Title 18, United States Code, Section 371 (Count Three); conspiracy to obstruct justice, in violation of Title 18, United States Code, Section 371 (Count Four); and narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Five);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7);

        WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, pursuant to Title 18, United States Code, Section 982(a)(1);

        WHEREAS, the Information included a forfeiture allegation as to Count Three of the Information, seeking forfeiture of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Three of the Information, including but not limited to a sum of money in United States currency representing

the amount of proceeds traceable to the commission of the offense charged in Count Three of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Five of the Information, seeking forfeiture pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the violation charged in Count Five of the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation charged in Count Five of the Information, including but not limited to a sum in United States currency representing the amount of all proceeds obtained as a result of the offense alleged in Count Five of the Information;

WHEREAS, on or about April 11, 2023, the Defendant pled guilty to Count One through Five of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Three and Five of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 982(a)(7), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c) a sum of money in United States currency, representing the proceeds traceable to the commission of the offenses charged in Count One, Two and Five of the Information and property involved in Count Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $160,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Two, and Five of the Information that the Defendant personally obtained and the property involved in Count Three of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, and Five of the Information that the Defendant personally obtained and property involved in Count Three of the Information, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Matthew Andrews, Ryan Allison, and Timothy Capozzi, of counsel, and the Defendant and his counsel, Jeffrey Einhorn, Esq., and Jeffrey Lichtman, Esq. that:

1. As a result of the offenses charged in Counts One through Three, and Five of the Information, to which the Defendant pled guilty, a money judgment in the amount of $160,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Two, and Five of the Information that the Defendant personally obtained and property involved in the offense charged in Count Three of the Information, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant ANTHONY DIPIETRO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

    4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

    5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

    6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

    7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          11/1/2024
    MATTHEW ANDREWS                            DATE
    RYAN ALLISON
    TIMOTHY CAPOZZI
    Assistant United States Attorneys
    26 Federal Plaza
    New York, New York 10278
    (212) 637 6526/2474/2404


ANTHONY DIPIETRO

By: _____          11/4/24
    ANTHONY DIPIETRO                          DATE

By: _____          11/4
    JEFFREY EINHORN, ESQ.                     DATE
    JEFFREY LICHTMAN, ESQ.
    Attorney for Defendant
    11 East 44th Street, Suite 501
    New York, NY 10017
    (212) 581-1001

SO ORDERED:

_____              Nov. 4, 2024
HONORABLE PAUL G. GARDEPHE                   DATE
UNITED STATES DISTRICT JUDGE